UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

REGINALD SPEARS

CRIMINAL ACTION

NO. 09-19-FJP-DLD

## RULING

This matter is before the Court on a motion by defendant, Reginald Spears, to recuse District Judge Frank Polozola from the present matter.

Defendant asserts that Judge Polozola "has a bias or prejudice against defendant who is [M]uslim." In support of his allegation, defendant alleges that Judge Polozola "stated that 1) 'the defendant has traveled to places where terrorist[s] train' and 2) 'he does not know what the jury would think if it found out that the defendant had an opportunity to help the United States Government, . . . (in the[ir] terrorism investigation) and did not" (doc. 211, p. 2). Defendant also asserts that "[a]fter defendant's trial [the judge] stated to the Federal Public Defender (Mark Upton) for appealate [sic] purposes that 'he might want to file an Ander[s] brief on his (defendant's) behalf." (Id.).

Two statutes address recusal for personal bias or prejudice.

28 U.S.C. §144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of

any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. §455 provides, in pertinent part, that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1).

As to an analysis under 28 U.S.C. §144, defendant is represented in this matter by counsel, and the record demonstrates that defendant's counsel of record continues to actively represent him in this matter, having filed two motions on behalf of defendant (docs. 213, 215) within a week of the date on which defendant filed the Affidavit of Bias or Prejudice. The Court notes, however, that the affidavit is not accompanied by a certificate of counsel of record stating that it is made in good faith. Thus, assuming without deciding that the affidavit is timely, it, nonetheless, fails to conform to the requirements of 28 U.S.C. §144. See, *U.S. v. Branch*, 850 F.2d 1080, 1083, (5th Cir. 1988) (noting that denial of a motion under 28 U.S.C. §144 is appropriate where the motion is made without a certificate of counsel

stating that it is made in good faith); see also, e.g, *Gallella v. Onassis*, 487 F.2d 986, 997 (2d. Cir. 1973)(no affidavit); *Morrison v. United States*, 432 F.2d 1227, 1229 (5th Cir. 1970), *cert. denied*, 401 U.S. 945, 91 S.Ct. 959, 28 L.Ed.2d 227 (1971) (no certificate).

28 U.S.C. §455 sets forth no requirement of certification by counsel of record, but presents an objective standard in that defendant must demonstrate that "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003), *cert. denied*, 640 U.S. 1108, 124 S.Ct. 1071 (2004). A motion under 28 U.S.C. §455, however, "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *U.S. v. Hines*, 696 F.2d 722, 729 (1982).

After carefully reviewing the matter, the Court finds no factual support for defendant's allegation that the presiding judge has any personal bias or prejudice against defendant.

For all of the foregoing reasons, the motion by defendant for recusal (doc. 211) is **DENIED**.

Baton Rouge, Louisiana, January 12, 2012.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA